IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-04861-GPG

ALIYINE ACHOUR,

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Center, Aurora, Colorado,
MARKWAYNE MULLIN, Secretary of Department of Homeland Security, and
DAVID J. VENTURELLA, Acting Director of U.S. Immigration and Customs Enforcement,

Respondents.

---

**ORDER**

---

Before the Court is Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Petition) (D. 1).[1] Because the Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge. *See* 28 U.S.C. § 2243.

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

[1] The Court must construe Petitioner's filings liberally because Petitioner is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.

In *Zadvydas v. Davis*, the United States Supreme Court held that the Immigration and Nationality Act (INA) does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. 533 U.S. 678, 699 (2001). "After entry of a final removal order and during the 90–day removal period, however, aliens must be held in custody." *Id*. at 683 (citing 8 U.S.C. § 1231(a)(2)). Thereafter, detention is discretionary. *Id*. (citing 8 U.S.C. § 1231(a)(6)). After a "6–month period" of detention following an order of removal, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. at 701.

After *Zadvydas*, the Attorney General promulgated regulations providing procedures and standards to "'continue detention of particular removable aliens on account of special circumstances even though there is no significant likelihood that the alien will be removed in the reasonably foreseeable future.'" *Hernandez-Carrera v. Carlson*, 547 F.3d 1237, 1242–43 (10th Cir. 2008) (quoting 8 C.F.R. § 241.14(a)).

On October 14, 2026, the Court ordered Respondents to show cause why the Petitioner should not be granted (D. 6).

Respondents state:

> For purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case. Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief. Respondents submit that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, release Petitioner from detention on conditions to be set by the Department of Homeland Security.

(D. 10).[2]

In view of Respondents' failure to oppose Petitioner's Petition or provide a basis for denial, it is ORDERED that Petitioner's Petition is GRANTED. *See United States v. Yelloweagle*, 643 F.3d 1275, 1284 (10th Cir. 2011) ("This court . . . will not craft a party's arguments for him." (quoting *Perry v. Woodward*, 199 F.3d 1126, 1141 (10th Cir. 1999))); *Santucci v. Commandant, United States Disciplinary Barracks,* 66 F.4th 844, 851 n.9 (10th Cir. 2023) ("[U]nder the party-presentation principle, we, not only will not, but 'cannot make arguments for [a party].'" (quoting *Yelloweagle,* 643 F.3d at 1284))).

It is FURTHER ORDERED that Petitioner shall be released from custody within 48 hours. Respondents may not impose additional or more onerous conditions on Petitioner than those that were imposed prior to Petitioner's arrest. Respondents must file a status report certifying compliance within five (5) days.

It is FURTHER ORDERED that Respondents are ENJOINED from arresting or detaining Petitioner on the same grounds unless and until travel documents are available.[3]

DATED November 13, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge

[2] The Court trusts that Respondents are conducting a full review of each Petitioner's case for community safety concerns and exercising appropriate discretion if they decide not to file a response. If the Government chooses not to respond, the Court is left with only the information provided by Petitioner and has no independent ability to scrutinize Petitioner's claims—particularly with regard to any potential criminal history.

[3] Any request for relief from this Order should be filed in this case as a Rule 60(b) motion.